IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EPHRAIM WOODS, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br>    Defendant. | Case No. 21-2011-DDC-TJJ |
| FATIMAH MUHAMMAD,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br>    Defendant. | Case No. 21-2012-DDC-TJJ |
| DWIGHT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br>    Defendant. | Case No. 21-2013-DDC-TJJ |
| RAASIKH ROBERTSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL ROSS,<br><br>    Defendant. | Case No. 21-2014-DDC-TJJ |

## MEMORANDUM AND ORDER

The Clerk of the Court has docketed one document submitted by a movant named Rodney Dale. While not entirely clear, the document styles itself as a "Notice to the Clerk of Court" and a "Criminal Complaint" (Doc. 47).[1] Mr. Dale appears to challenge the Clerk of Court's docketing his prior "Notice of a Crime" (Doc. 43) as a Notice of Appeal (Doc. 44). Attached to that prior "Notice" were signed affidavits from each of the plaintiffs in these four cases. So, the Clerk docketed those filings.

But the most recent filing is not signed by any of the named plaintiffs. *See generally* Doc. 47. It's just signed by Mr. Dale, who is neither a party to these cases nor is he admitted to practice law before our court. And the law in our Circuit and this district prohibits a person not admitted to practice law from representing or otherwise acting on behalf of another person. *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) ("Non-attorney pro se litigants cannot represent other pro se parties."); 28 U.S.C § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel . . . .").

Plaintiffs in this case are appearing pro se. Under our local rules, anything filed by plaintiffs must bear their signature. D. Kan. Rule 5.1(b) ("The original of every pleading, motion, or other paper filed by a party not represented by an attorney must bear the genuine signature of the pro se party."). Because this filing doesn't bear any plaintiffs' signatures, the court strikes the filing from the record.

---

[1] For clarity, the court cites documents in the first-filed case in our court, *Woods v. Ross*, No. 21-2011 (D. Kan.), unless otherwise specified because the filings do not differ in substance between cases.

**And in the interest of judicial efficiency, the court will strike all future motions or notices filed in these cases by individuals who are neither parties to the cases nor attorneys licensed to practice law in this court.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** the "Notice to the Clerk of Court" be stricken from the CM/ECF record in the following cases:

- *Woods v. Ross*, No. 21-2011 (Doc. 47)
- *Muhammad v. Ross*, No. 21-2012 (Doc. 46)
- *Johnson v. Ross*, No. 21-2013 (Doc. 45)
- *Robertson v. Ross*, No. 21-2014 (Doc. 43)

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court is directed to mail a copy of this Order to Rodney Dale at the address he has provided in Doc. 47, filed in *Woods v. Ross*, No. 21-2011.

**IT IS SO ORDERED.**

**Dated this 17th day of September, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**